UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARRIANNE RAYHILL, | NO. CV 05-5308 FMO |
|     Plaintiff, | |
|     v. | **ORDER Re: MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
|     Defendant. | |

## INTRODUCTION

Plaintiff's counsel, Laura Krank ("petitioner"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)[1] ("Motion") in the amount of $5,000.00 for 10.4 hours of attorney services and 3.1 hours of paralegal services expended in representing plaintiff before the district court.[2] Counsel seeks compensation pursuant to a contingent fee agreement, in an amount which equates to a rate of $319.96 per hour for attorney services and $153.55 per hour of paralegal services, plus a multiplier of 1.35 to account for the contingent nature of the fee agreement. (See Motion at 13-14). Defendant filed a Response to Counsel's Motion for Attorney's Fees ("Response"), stating that it takes no position regarding the Petition.

---

[1] Unless otherwise indicated, all statutory references are to Title 42 of the United States Code.

[2] Michael J. Astrue became the Commissioner of Social Security on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted in place of former Commissioner Jo Anne B. Barnhart as the defendant in this action.

The court has taken petitioner's Motion under submission without oral argument. For the reasons stated below, the Motion will be granted in its entirety.

## PRIOR PROCEEDINGS

On July 26, 2005, plaintiff filed a complaint for judicial review of defendant's decision denying her applications for Disability Insurance Benefits and Supplemental Security Income. Pursuant to the parties' Stipulation for Voluntary Remand, the court remanded the matter to the Commissioner of the Social Security Administration for further proceedings on March 1, 2006. (See Judgment of Remand, filed on March 1, 2006).

On remand, plaintiff was found disabled and awarded approximately $48,000.00 in gross retroactive benefits. (Motion at 3). The sum of $12,033.50, representing 25% of plaintiff's past-due benefits award, was withheld by defendant for the payment of attorney's fees. (Id., Exh. 4 at 4; Response at 2).[3] From this amount, plaintiff seeks a fee award for work performed before this court in the gross sum of $5,000.00. (Motion at 3). Plaintiff already has been awarded attorney's fees of $1,800.00 under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). (See Court's Stipulation and Order of March 23, 2006; Motion at 3). The EAJA award offsets any attorney's fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award.[4] Accordingly, the net amount of attorney's fees petitioner seeks payable from plaintiff's benefits is $3,200.00.[5] (Motion at 4).

/ / /

/ / /

---

[3] The first four exhibits attached to the Motion are unmarked. For ease of reference the court will label and refer to the exhibits in consecutive order, i.e., Exhibits 1-4.

[4] If attorney's fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

[5] In addition, petitioner represents that she has already been awarded $7,000.00 in fees pursuant to § 406(a).

**DISCUSSION**

I.  ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT.

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S.Ct. 1817, 1820 (2002).

In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793, 122 S.Ct. at 1820. The Court held that where the claimant and counsel had entered into a lawful contingent fee agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee agreements[.]"[6] Id. While courts review fee agreements as

---

[6] Under the "lodestar" method, attorney's fees are calculated by multiplying the number of hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht, 535 U.S. at 797-98, 122 S.Ct. at 1823 (discussing application of the "lodestar" method in the Ninth Circuit). The "lodestar" may be adjusted upward or downward to account for a variety of factors. See Gisbrecht, 535 U.S. at 798, 122 S.Ct. at 1823 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726 (1976)). Courts in this and other circuits look to the following factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed

1  an "independent check, to assure that they yield reasonable results in particular cases[,]" lawful
2  contingent-fee agreements are "the primary means by which fees are set" for the successful
3  representation of social security disability claimants in court. Id. at 807, 122 S.Ct. at 1828
4  (emphasis added).

5      Here, plaintiff retained counsel to represent her in federal court in her social security
6  disability case, and plaintiff agreed to pay counsel a contingent fee in an amount equal to 25% of
7  any past-due benefits award obtained. (Motion, Exh. 1). Under Gisbrecht, the court examines a
8  lawful contingent fee agreement only to assure that the enforcement of that agreement is not
9  unreasonable. 535 U.S. at 807, 122 S.Ct. at 1828. The court may consider factors such as the
10 character of the representation, the results achieved, the ratio between the amount of any benefits
11 award and the time expended, and any undue delay attributable to counsel that caused an
12 accumulation of back benefits. Id. at 808, 122 S.Ct. at 1828.

13     Consideration of these factors supports approval of the instant fee petition. The Petition
14 seeks fees less than the 25% total provided under the contingent fee agreement, and counsel has
15 represented that the amount of the fees from all sources will not exceed the 25% figure. (Motion
16 at 24). Counsel obtained a favorable outcome for her client, resulting in a remand for further
17 proceedings and ultimately in the payment of past-due benefits and ongoing disability benefits.
18 (Motion, Exh. 4). The record discloses no issue regarding the quality or efficiency of counsel's
19 representation before this court. The time expended, as reflected in the Motion, was reasonable
20 to litigate the case to the point where the stipulation to remand for further proceedings was entered
21 into by defendant. Moreover, the time expended on this matter (10.4 hours of attorney time) is
22 well within the norm for social security disability cases. See, e.g., Patterson v. Apfel, 99 F.Supp.2d
23 1212, 1214 & n. 2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which

---

or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Kerr, 526 F.2d at 70.

4

attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range[,]" and collecting cases).

The reasonableness of the requested fee is appropriately "checked" with reference to a lodestar figure. See Gisbrecht, 535 U.S. at 808, 122 S.Ct. at 1828 (noting that record of hours spent and normal hourly billing charge may aid in court's assessment of reasonableness of fee request). Counsel asserts that hourly rates of $319.90 for attorney services and $153.55 for paralegal services[7] are reasonable, and that the proposed hourly rates should be enhanced by a multiplier of 1.35 to account for factors that may be used to adjust the lodestar in some circumstances. (See Motion at 13-23). So enhanced, the requested hourly rates are $431.95 for attorney services and $207.29 for paralegal services. The court agrees that these requested rates are not unreasonable.[8] In the absence of any evidence of misconduct or incompetence by counsel, post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates similar to those sought here. See Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W.VA. 2003) (rejecting Commissioner's argument that an hourly rate of $1,433.12 for 12.56 hours of work represents a windfall); Brown v. Barnhart, 270 F.Supp.2d 769, 772-73 (W.D. VA. 2003) (awarding hourly rate of $977.20 for 6.14 hours of work before the district court); Hearn v. Barnhart, 262

---

[7] Fees may be awarded under section 406(b) for paralegal time when the paralegal performs services that otherwise would be handled by a lawyer and that ordinarily are billed separately to the client. See Chandler v. Sec'y of Dept. of Health and Human Servs., 792 F.2d 70, 73 (6th Cir. 1986) (noting, in a case under 42 U.S.C. § 406(b), that an attorney can bill for paralegal time but only at paralegal rates); cf. Missouri v. Jenkins by Agyei, 491 U.S. 274, 285-87, 109 S.Ct. 2463, 2470-71 (1989) (affirming separate fee awards under 42 U.S.C. § 1988 for legal services performed by paralegals and law clerks because the "increasingly widespread custom" was to bill separately for such time, whereas the services of "secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product" traditionally have been included in the calculation of a lawyer's hourly rate); Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd, 496 U.S. 154, 110 S.Ct. 2316 (1990) (holding that paralegal and law clerk time is recoverable under the EAJA only to the extent that the paralegal or clerk performs work traditionally done by an attorney); Int'l Woodworkers of Amer., AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 767 (9th Cir. 1985, as amended June 23, 1986) (holding that items recoverable as costs under the EAJA are those that ordinarily are billed separately to the client).

[8] The lodestar using the enhanced hourly rates is $5134.88 and $12,134.88 considering the $7,000.00 petitioner has already been awarded pursuant to § 406(b). As noted above, the 25% amount of plaintiff's retroactive benefits withheld by defendant is $12,033.50.

1  F.Supp.2d 1033,1036-37 (N.D. Cal. 2003) (awarding an hourly rate of approximately $450.00 per
2  hour pursuant to a contingent fee agreement and collecting post-<u>Gisbrecht</u> cases awarding
3  contingent fees that translated into hourly rates ranging from $187.55 to $694.44); <u>Dodson v.</u>
4  <u>Comm'r of Soc. Sec.</u>, 2002 WL 31927589, at *2 (W.D. Va. 2002) (rejecting Commissioner's
5  argument that a contingent fee of $5,000 for 7.2 hours of work, or $694.44 per hour, is per se
6  unreasonable "because it fails to account for the nature of a contingent-fee agreement[]");
7  <u>Hussar-Nelson v. Barnhart</u>, 2002 WL 31664488, at *3 (N.D. Ill. 2002) (rejecting the argument that
8  an hourly rate of $393.00 for 53.9 hours of work represented a windfall, and collecting pre-
9  <u>Gisbrecht</u> cases awarding contingent fees that translated into hourly rates ranging from $380 to
10 $605).

11      Nothing in the record before the court suggests that there was any overreaching in the
12 making of the fee agreement or any impropriety on the part of counsel in her representation of
13 plaintiff before this court.  Counsel assumed the risk of nonpayment inherent in a contingency
14 agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the
15 Motion here seeks less than a full 25% fee.  Based on existing authority, the fee requested is not
16 so inordinately large that it represents a windfall to counsel.  Accordingly, the court finds that the
17 contingent fee requested by counsel in this case is reasonable.

18      Based on the foregoing, IT IS ORDERED THAT:

19      1.  Plaintiff's Motion for Award of Attorney's Fees **(Document No. 22)** is **granted**.

20      2. Judgment shall be entered awarding attorney fees in the amount of Five-Thousand
21 dollars and zero cents ($5,000.00).  In light of the previous payment of EAJA fees, Laura Krank
22 and Rohlfing & Kalagian, LLP shall reimburse plaintiff the amount of One-Thousand, Eight-
23 Hundred dollars and zero cents ($1,800.00).

24 Dated this 4th day of March, 2008.

26                                                 /s/
                                      Fernando M. Olguin
27                                     United States Magistrate Judge